## HUME *vs.* VANCE.

Every citizen not within any class of persons specially exempted by statute from military duty, is presumed to be able bodied and liable to enrolment, until he show the contrary.

Being near or short sighted, if the party is able to pursue the ordinary business of life without inconvenience, is not such a permanent disability as will exempt him from military enrolment.

In cases of permanent disability, it is not necessary to obtain a surgeon's certificate, in order to be excused from military duty ; the statute on this subject applying only to those which are temporary.

THE facts in this case will appear in the opinion of the court which was delivered by

PARRIS J. This case comes before us by writ of error to one of the justices of the peace in this county. From an examination of the record it appears that the original process was commenced for an alleged neglect in the performance of military duty, *Hume* being clerk of a company of militia in which *Vance* was enrolled ;—that the company was duly ordered out on the fifteenth and twenty third days of *September*, for the purpose of military duty, and that the defendant neglected to attend at each of said trainings, although duly enrolled and warned.

The cause was tried upon the general issue ; and the justice has embodied in his record the evidence upon which judgment was rendered. From this it appears that the only ground of defence was

an alleged defect of vision ; and the question now presented for our consideration is whether the evidence showed such a defect in the defendant's sense of sight as to exempt him from the performance of military duty.

The constitution of the United States having vested in Congress the power to provide for organizing the militia, the act of Congress of *May* 8, 1792, has specified what shall constitute the militia, subject to such exemptions as shall be authorized by the laws of the several states.

By the law of the United States the militia is to be composed of free, able bodied, white, male citizens ; and all such between eighteen and forty five years of age, unless exempted by the state laws, are to be enrolled in the companies within whose bounds they reside by the commanding officers thereof. Under this act all who are permanently disabled, either by natural defects or by casualty, are excluded from the militia. Not being able bodied, in the language of the United States' statute, they are not to be even enrolled, and of course can in no wise be subject to the liabilities of the law of the State. The State law also upon this subject provides that no private of any company shall be exempted from military duty on account of bodily infirmity, unless he obtains a surgeon's certificate, &c. that he is unable to perform military duty on account of bodily infirmity, the nature of which is to be described in said certificate, &c. But this evidently refers to temporary disability, for the commanding officer is expressly prohibited from granting a discharge, founded on such certificate, to have effect beyond the term of one year ; and unless it be considered as referring to temporary disability merely, the State law would require a surgeon's certificate of disability to exempt from military duty those who, by reason of not being able bodied, could not, by the laws of the United States, be legally enrolled. The question, therefore, in this case seems to be, was *Vance* liable to be enrolled in the company in which he was warned to perform military duty ;—or in other words, was he a free, able bodied citizen within the true meaning of the section under which he claims exemption ? The difficulty, if any there be in this case, is to ascertain what defect in vision will disqualify for the per-

Hume v. Vance.

formance of military service.   It is known that all have not the sense of seeing in the same perfection.   By reason of a difference in the construction of the organ of sight, some can discern objects at a much greater distance and with more distinctness than others.   We are aware that the defect of this sense may be so great as to render it extremely inconvenient and perhaps impossible to perform military service, and that too in cases where the individual may be able to attend to the usual avocations of life.   But there have been instances of officers continuing for years in the active command of regiments, and in the performance of field duties in the higher grades, whose vision was much more defective than the defendant's was proved to be in this case.   It was proved that the defendant is what is termed, near sighted ;—that when attending public exhibitions he has been in the habit of wearing spectacles for the purpose of seeing more distinctly, and also when engaged in amusements wherein clearness and distinctness of sight were particularly necessary ; but it was also proved, that when about his ordinary common business, which is understood to be that of an attorney and counsellor at law, he makes no use of spectacles ; and that he can, with the naked eye, discern localities and objects at the distance of one mile, at least, with so much distinctness as to be able to indicate and select a suitable site, at that distance for a public building, and point out the particular excellencies of the position.   Now we are not aware that any military service, either in the capacity of private or officer of any grade, does require greater strength or distinctness of vision than this.

The principle upon which our militia is raised is that of equality of personal service from every citizen capable of yielding that service ; exempting those only who are engaged for the time being in such public duties as cannot be suspended without public injury, and exempting also the members of a particular religious denomination, whose conscientious scruples, upon this subject, have long been respected.

With these exceptions, every member of the community, capable of bearing arms, is presumed able to perform an equal military service for the public security, and the law is not satisfied, either in

spirit or letter, unless he do so perform it. If he claim to be excused from the service, it is incumbent on him to show such facts as clearly relieve him from the operation of the law ; and unless he can do this, he cannot expect to avoid the performance of a duty, which is exacted from every able bodied citizen, for the common good.

As the facts in the case do not satisfy us that the defendant was not an able bodied citizen, or that he was unable to perform military duty on account of bodily infirmity, the judgment of the court below must be reversed.